UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WADE BROADWATER,

                            Plaintiff,

   v.                                           **DECISION AND ORDER**
                                                                   12-CV-719S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

1.      Plaintiff Wade Broadwater challenges an Administrative Law Judge's ("ALJ") decision, dated April 20, 2009, wherein the ALJ determined that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. Plaintiff protectively filed an application for supplemental security income in July 19, 2006, alleging that he became disabled beginning July 1, 2006. He now contends that the ALJ's determination is not based upon substantial evidence, and reversal is warranted.

2.      Plaintiff's application for supplemental security income was initially denied on January 3, 2007. Plaintiff requested a hearing on that denial, which was granted, and on November 17, 2008, he and a vocational expert testified before the ALJ. The ALJ issued a decision denying Plaintiff's application for supplemental security income on April 20, 2009. The Appeals Council initially denied Plaintiff's request for review on September 11, 2009. That decision was subsequently set aside and additional evidence was accepted from Plaintiff. The Appeals Council again denied review on June 1, 2012, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action *pro se* on July 30, 2012.

3.      On February 19, 2013, the Commissioner filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff did not

1

file his own motion for judgment on the pleadings and failed to respond to the Commissioner's motion in accordance with this Court's scheduling order. The Court directed Plaintiff to file a response to the Commissioner's motion by April 30, 2013, or risk dismissal for failure to prosecute. Plaintiff did not respond timely, but filed a short statement in opposition on May 6, 2013, to which two one-page medical records are attached.

Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must

be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since his application date of July 19, 2006 (R. 21);[1] (2) Plaintiff had the following severe impairments: "post-traumatic stress disorder (PTSD), dysthymia, antisocial personality disorder, hepatitis C and back pain" (R. 21); (3) neither these impairments or any combination thereof meet or medically equal a recognized disabling impairment under the regulations (R. 21-22); (4) Plaintiff had the residual functional capacity to perform light work with certain additional limitations, including the ability to engage in only simple work with no more than occasional interaction with others and no engagement in food preparation work or production rated jobs (R. 22-27); and (5) although Plaintiff was unable to perform any of his past relevant work, he had the capacity to perform other jobs, such as shipping and receiving weigher or office helper (R. 27-28).

10. As noted, Plaintiff failed to oppose the Commissioner's motion for judgment on the pleadings in compliance with this Court's order. Nonetheless, because Plaintiff is

---

[1] Citations to the underlying administrative record are designated as "R."

proceeding *pro se*, the Court has reviewed the two brief medical records untimely submitted with minimal comment. The first is a Kaleida Health discharge record from December 5, 2011 that reflects an admittance date of November 23, 2011. (Docket No. 13.) A more complete record for those dates was previously submitted to the Appeals Council (R. 228-232) and, although the Council declined to review the ALJ's determination, that record is already a part of the administrative record submitted by the Commissioner for the consideration of this Court. Perez v. Chater, 77 F.3d 41, 45-6 (2d Cir. 1996); Sobolewski v. Apfel, 985 F. Supp. 300, 311 (E.D.N.Y. 1997).

The second document is a one-page, largely illegible discharge summary indicating that Plaintiff was admitted and discharged on February 4, 2013. It therefore does not reflect, as Plaintiff asserts, a week-long hospitalization. In any event, this record was never submitted to either the ALJ or the Appeals Council, and it reflects treatment approximately four years after the ALJ's determination. Such new evidence should be considered only upon a showing that it is material to the disability determination and that there is good cause for the failure to incorporate such evidence into the record during the administrative proceeding. 42 U.S.C. § 405(g); Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988); Sobolewski, 985 F. Supp. at 311. No such showing is attempted here. The Court therefore concludes, as noted above, that briefing is complete without a need for a further responsive submission from the Commissioner.

11. After review of the record, this Court concludes that there is substantial evidence therein to support the ALJ's determination that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's physical RFC assessment, that Plaintiff is capable of light work, is supported by the opinion of the consulting physician who examined Plaintiff on behalf of the Commissioner. (R. 25, 258.) This opinion is consistent

with the objective findings of Plaintiff's treating physicians. (R. 249, 251, 339, 361.) The record also reflects that Plaintiff responded well to steroid injections for back pain. (R. 333, 335.)

12. The ALJ's determination of Plaintiff's mental RFC is also supported by substantial evidence. In making this determination, she appropriately applied the "special technique" set out in 20 C.F.R. § 404.1520a(c)(3), which requires the ALJ to make a specific finding regarding the claimant's functional limitations in each of four broad functional areas: '[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.'" Stivers v. Colvin, No. 5:11-cv-1-19 (GLS), 2013 WL 3327958, *5 (N.D.N.Y. July 2, 2013). The ALJ also properly gave little weight to the opinion of Dr. John Napoli, who treated Plaintiff at the Monsignor Carr Institute. (R. 26-27.) Dr. Napoli stated that Plaintiff could not return to work because he had "difficulty interacting with people and often becomes very claustrophobic. With his medical problems of having Hepatitis C[,] he does not feel comfortable working with people in fear of spreading his illness." (R. 194.) Prior to rendering a determination, the ALJ requested further information regarding the objective basis for this opinion by sending Dr. Napoli a questionnaire. (R. 428-432.) As the ALJ notes, Dr. Napoli's assertion that fear of contamination prohibited Plaintiff's ability to work is contradicted by the answers to the ALJ's interrogatories. (R. 27, 431-32.) Indeed, Plaintiff himself testified that fear of spreading his illness was not why he would not work with people, and he did not know "how they came to th[at] conclusion." (R. 66.) He further testified that he kept a fairly consistent schedule of daily activities outside the home that required social contact, including taking the bus to Peer Connection to use a computer, visiting friends, and cutting hair as a "hobby" in exchange for money. (R. 42-47, 56.) The ALJ also correctly concluded that the

...

answers to the interrogatories reflect that the proffered opinion was based on Plaintiff's subjective complaints. (R. 27.) The ALJ therefore properly gave more weight to the opinions of a consultative examining psychologist and the state agency psychologist. (R. 26-27, 261-264, 271-287.)

      13. For the foregoing reasons, the Court concludes that the ALJ's determination is supported by substantial evidence. The Commissioner's Motion for Judgment on the Pleadings is granted.

      IT HEREBY IS ORDERED, that the Commissioner's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED;

      FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

      SO ORDERED.

Dated: September 19, 2013
      Buffalo, New York

                                        /s/ William M. Skretny
                                        WILLIAM M. SKRETNY
                                            Chief Judge
                                        United States District Court